THE STATE, *ex rel.* B. F. COLEMAN, *v.* JAMES L. GAINES, Comptroller.

CLERKS' FEES. *On land condemned for taxes.* Where several lots of land belonging to the same person are assessed for taxes together as one body, giving, however, separate numbers, and in some instances the size of each lot, but including them all in one tract and in one valuation, and the same are condemned in the Circuit Court, the Clerk is only entitled to a fee of $1.00 for each tract or parcel so reported and sold, and not for each lot comprising the tract or parcel.

FROM SHELBY.

Appeal in error from the Circuit Court of Shelby County. J. O. PIERCE, J

C. W. HEISKELL and M. D. L. STEWART. for Coleman.

Attorney-General LEA for Gaines.

McFARLAND, J., delivered the opinion of the Court.

It appears that in some instances the assessor for Shelby county assessed for taxes several town lots belonging to the same person together as one body, giving, however, the separate numbers, and in some instances the size of each lot, but including them all in one body and in one valua-

tion, the lots being, as may be inferred, contiguous. They were so reported to the Circuit Court, condemned and sold, and bought in for the use of the State.

The Clerk claims $1.00 for each lot so assessed, reported and sold. The Comptroller allowed him only $1.00 for each body or parcel so assessed and reported. That is, where several lots were included in one assessment and valuation, so reported and sold, the Comptroller allowed but one fee, while the clerk claimed a separate fee for each lot as designated by the numbers.

Section 569 of the Code provides: " When several tracts or parcels of land belonging to the same person, lie contiguous, forming one entire tract, the whole may be included in one valuation and so extended."

The assessors have applied this rule to a body of town lots lying together. It it, argued that the above section has been impliedly repealed by subsequent inconsistent statutes. The arguments to support this conclusion have not satisfied us. But, at any rate, this mode was adopted by the assessors and followed by the other officers of the State, and it is not the province of the Clerk to review their action. The statute allows the Clerk "$1.00 for each separate tract, lot or parcel of land." What does this mean? Undoubtedly it means $1.00 for each tract, lot, parcel or body of land included in one assessment, valuation, report and sale, and it does not mean that where several

State *v.* Gaines.

tracts, lying contiguous, belonging to the same person, are assessed as a whole, that the Clerk is entitled to a fee for each tract or lot included. He is only required to render the one service, and it was never intended that he should have more than one fee. If the assessment was even erroneous, he has no ground to complain. The fee was allowed to compensate him for the services rendered, and if by the error of the assessor he was only required to render the one service, there is no reason why he should have more than the one fee. But we by no means admit that the assessment was erroneous.

The argument in behalf of the Clerk is earnest and ingenious, but we think his claim is wholly unfounded. The proceeding is dismissed at his cost.

Affirmed.